UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

SU HYON "SUSIE" KIM,

                Plaintiff,

vs.

REBEL CORP GLOBAL d/b/a REBEL
PAYMENTS and JASON F. MAYORAL,

                Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SU HYON "SUSIE" KIM ("Ms. Kim"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, REBEL CORP GLOBAL d/b/a REBEL PAYMENTS ("Rebel Payments") and JASON F. MAYORAL ("Mr. Mayoral"), and states as follows:

### I.      INTRODUCTION

1.      The Federal Fair Labor Standards Act (the "Act") was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a).

2.      To achieve its goals, the Act sets minimum pay standards for employees and employers.

3.      Importantly, the Act also prevents "[t]he exploitation of a class of workers who are in an unequal position with respect to bargaining power[]." *West Coast Hotel Co.*

1

*v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J). "[T]he denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *Id.*

4.      Rebel Payments utilized its unequal bargaining power to render Ms. Kim defenseless against the denial of a living wage, something she is entitled to receive and which is protected by the Act.

## II.      JURISDICTION AND VENUE

5.      This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III.      FACTUAL ALLEGATIONS

7.      Ms. Kim was employed by Rebel Payments from approximately March 2020 to May 2020.

8.      Rebel Payments sells and provides merchant processing to its clients.

9.      Ms. Kim was employed by Rebel Payments as a call center phone sales representative also known as "merchant concierge".

10.      Rebel Payments agreed to pay Ms. Kim three hundred dollars ($300.00) a week plus commissions.

11.      Rebel Payments provided Ms. Kim with office space, a telephone, headset, computer and all other office supplies needed to perform her job duties, which regularly

consisted of initiating phone calls to in and out-of-state retail merchants who might be willing to purchase point of sale terminals and services from Rebel Payments.

12.    Rebel Payments provided training to Ms. Kim.

13.    Rebel Payments set Ms. Kim's daily work schedule.

14.    Rebel Payments provides Ms. Kim clients to contact.

15.    Rebel Payments classified Ms. Kim as an independent contractor.

16.    Ms. Kim has never incorporated a business entity in the State of Florida.

17.    Ms. Kim has never registered a fictitious name in the State of Florida.

18.    Ms. Kim could not subcontract the work she performed for Rebel Payments.

19.    Ms. Kim did not employee other workers.

20.    Ms. Kim did not advertise for merchant services to the general public.

21.    At all times relevant to her employment, Ms. Kim, regularly used the instrumentalities and channels of interstate commerce while performing her work.

22.    At all times relevant to her employment, Ms. Kim was directly engaged in interstate commerce or in the production of goods for interstate commerce.

23.    Rebel Payments is an "employer" as defined by 29 U.S.C. § 203(d).

24.    Rebel Payments has employees subject to the provisions of the FLSA in the facility where Ms. Kim was employed.

25.    Rebel Payments employed two or more persons, including Ms. Kim, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

3

26.     Ms. Kim avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act, Rebel Payments is an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

27.     Defendant, Mr. Mayoral, is the CEO of Rebel Payments.

28.     Defendant, Mr. Mayoral, is involved in the day-to-day operations of Rebel Payments.

29.     Defendant, Mr. Mayoral, guided the company policies of Rebel Payments.

30.     Defendant, Mr. Mayoral, actively engaged in the management, supervision, and oversight of Rebel Payments.

31.     Defendant, Mr. Mayoral, could have authorized Rebel Payments compliance with the Fair Labor Standards Act.

32.     Defendant, Mr. Mayoral, had control over the financial affairs of Rebel Payments.

33.     Defendant, Mr. Mayoral, at all times material hereto was acting directly or indirectly in the interest of Rebel Payments in relation to Rebel Payments' employees and was substantially in control of the terms and conditions of the employees' work.

34.     Ms. Kim worked more than forty hours in numerous workweeks but never received time-and-a-half for each overtime hour worked.

35.     Ms. Kim worked several weeks without receiving the proper minimum wage for each hour worked.

36.     Rebel Payments had knowledge that Ms. Kim was working overtime without proper compensation.

4

37.     Rebel Payments had knowledge that Ms. Kim worked several weeks without receiving minimum wage.

38.     Rebel Payments failed to make a good faith effort to determine whether Ms. Kim was properly classified as an independent contractor.

39.     Rebel Payments willfully misclassified Ms. Kim as independent contractor.

40.     Rebel Payments failed to make a good faith effort to determine if Ms. Kim was being compensated appropriately pursuant to the Fair Labor Standards Act.

41.     Rebel Payments' unlawful compensation practices are in willful disregard of the rights of Ms. Kim.

42.     Rebel Payments has failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

43.     Rebel Payments also failed to post the required notice pursuant to the Fair Labor Standards Act.

44.     Ms. Kim has retained LaBar & Adams, P.A. as counsel and has agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**PLAINTIFF, SUSIE KIM'S CLAIM**
**FOR VIOLATIONS OF THE OVERTIME PROVISION OF**
**THE FAIR LABOR STANDARDS ACT- REBEL PAYMENTS**
**AND JASON F. MAYORAL**

45.     Plaintiff, Ms. Kim, re-alleges and incorporates herein the allegations contained in paragraphs 2 to 44 above.

46.     Mr. Kim was employed by Rebel Payments from approximately March

2020 to May 2020.

47.     From March 2020 to May 2020, Rebel Payments repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Kim at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours.  Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

48.     Rebel Payments maintained control over Ms. Kim's work.

49.     Rebel Payments controlled how much and when Ms. Kim could work.

50.     Ms. Kim worked exclusively for Rebel Payments.

51.     Like a typical at-will employment arrangement, the relationship between Ms. Kim and Rebel Payments was for an indefinite period of time.

52.     Ms. Kim did not employ any workers.

53.     Ms. Kim was an integral part of Rebel Payments' business.

54.     Mr. Mayoral acted directly and indirectly in the interest of Rebel Payments in relation to Ms. Kim.

55.     Rebel Payments willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

56.     Rebel Payments failed to post the required notice pursuant to the Fair Labor Standards Act.

6

WHEREFORE, Ms. Kim demands a judgment against Rebel Payments and Mr. Mayoral, jointly and severally, for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Ms. Kim demands a jury trial on all issues contained in Count I.

## COUNT II
## PLAINTIFF, SUSIE KIM'S CLAIM
## FOR VIOLATIONS OF THE MINIMUM WAGE PROVISION OF
## THE FAIR LABOR STANDARDS ACT- REBEL PAYMENTS
## AND JASON F. MAYORAL

57.     Plaintiff, Ms. Kim, re-alleges and incorporates herein the allegations contained in paragraphs 2 to 44 above.

58.     Ms. Kim was employed by Rebel Payments from approximately March 2020 until May 2020.

59.     During Ms. Kim's employment, Rebel Payments repeatedly and willfully violated § 6 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Kim above the appropriate minimum wage rate for each and every hour worked.

60.     Rebel Payments maintained control over Ms. Kim's work.

61.     Rebel Payments controlled how much and when Ms. Kim could work.

7

62.    Ms. Kim worked exclusively for Rebel Payments.

63.    Like a typical at-will employment arrangement, the relationship between Ms. Kim and Rebel Payments was for an indefinite period of time.

64.    Ms. Kim did not employ any workers.

65.    Ms. Kim was an integral part of Rebel Payments' business.

66.    Mr. Mayoral acted directly and indirectly in the interest of Rebel Payments in relation to the Ms. Kim.

67.    Rebel Payments willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

68.    Rebel Payments failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Kim demands a judgment against Rebel Payments and Mr. Mayoral, jointly and severally, for the following:

(a)    Unpaid minimum wages found to be due and owing;

(b)    An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)    Prejudgment interest;

(d)    A reasonable attorney's fee and costs; and,

(e)    Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Ms. Kim demands a jury trial on all issues contained in Count II.

## COUNT III- BREACH OF CONTRACT-REBEL PAYMENTS

69.     Ms. Kim incorporates by reference as though fully set forth herein the allegations of paragraphs 7, 8, 9, 10, 41 and 44 of this Complaint.

70.     On or about March 2020, Rebel Payments offered a Ms. Kim $300.00 a week plus commission to work as a sales representative and/or "merchant concierge".

71.     Ms. Kim accepted Rebel Payments offer of $300.00 a week plus commission to work as a sales representative and/or "merchant concierge".

72.     Ms. Kim performed work and obtained sales pursuant to the parties' agreement.

73.     Rebel Payments breached the Parties agreement by failing to compensate Ms. Kim $1,400.00 in unpaid commissions.

74.     As a result of Rebel Payments breach of contract as described herein, Ms. Kim has suffered damages.

WHEREFORE, Ms. Kim respectfully requests that this Court grant the following relief:

A.     Award Ms. Kim lost wages;

B.     Award Ms. Kim pre-judgment and post-judgment interests;

C.     Award Ms. Kim the costs of this action, together with reasonable attorney's fees; and,

D.     Award Ms. Kim such other relief the Court deems is just and proper.

## JURY TRIAL DEMAND

Ms. Kim demands a jury trial on all issues contained in Count III.

9

Dated: August 13, 2020

Respectfully submitted,

_____

N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)